**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**EDGAR ERICK EMMANUEL REYES LI GAMBI,**

*Petitioner*,

v.

**WARDEN, DELANEY HALL DETENTION FACILITY, *et al.*,**

*Respondents*.

---

No. 26-cv-13105

**ORDER**

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court by way of Petitioner's *pro se* Petition for a Writ of Habeas Corpus challenging his continued detention. (ECF No. 1); and

**WHEREAS,** Respondents contend that Petitioner's detention is authorized under 8 U.S.C. § 1187(c)(2)(E) because he violated the conditions of the Visa Waiver Program ("VWP") and is subject to removal under that program. (ECF No. 6 at 2–4); and

**WHEREAS,** Respondents alternatively contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231 pursuant to a Final Administrative Removal Order ("FARO") issued and served on September 24, 2026, the day of his arrest, and that he remains within the statutory 90-day removal period. (ECF No. 6 at 4–5; ECF No. 6-3); and

**WHEREAS,** Respondents acknowledge that Petitioner appears to have filed an asylum application in November 2021 that remains pending and agree that such an application would pause enforcement of the FARO during the pendency of those proceedings. (ECF No. 6 at 2; ECF No. 6-2); and

**WHEREAS,** Petitioner has filed a response, (ECF No. 8), in which he states that his

November 15, 2021 asylum application remains pending, that he has no criminal history, and that the VWP permits participants to seek asylum; and

**WHEREAS,** Petitioner also raises questions concerning whether a Form I-863, Notice of Referral to Immigration Judge, has been issued or served and whether he has been referred to asylum-only proceedings. (ECF No. 8 at 2); and

**WHEREAS,** Petitioner further contends that he was not afforded an opportunity to respond to the VWP Notice of Intent to Issue a Final Administrative Removal Order ("Notice of Intent") before the FARO was issued because the FARO was issued the same day as the Notice of Intent, notwithstanding the 48-hour response period stated in the Notice of Intent. (ECF No. 8; *see also* ECF Nos. 6-1, 6-3); and

**WHEREAS,** Petitioner requests limited supplemental briefing supported by sworn confirmation, concerning the status of his asylum application, any referral to asylum-only proceedings, the chronology of the Notice of Intent and FARO, the authority for his continued detention, and whether his removal to Italy has been scheduled. (ECF No. 8 at 2–3); and

**WHEREAS,** Respondents have addressed their asserted statutory grounds for detention in their initial submission, (ECF No. 6), but the Court finds that supplementation of the factual record is appropriate before resolving the petition;

**IT IS**, on this 4th day of November, 2026,

**ORDERED** that, within seven (7) days of entry of this Order, Respondents shall file a limited supplemental submission, supported by one or more sworn declarations by officials with personal knowledge of the relevant facts and by pertinent records, addressing:

1. The current status of Petitioner's Form I-589, Application for Asylum and for Withholding of Removal, reportedly submitted on November 15, 2021, including whether the

application remains pending and whether any decision has been issued;

2. Whether a Form I-863 has been issued or served concerning Petitioner and, if so, the dates of issuance and service and the current status of any asylum-only proceedings. If no Form I-863 has been issued, Respondents shall state whether a referral to asylum-only proceedings has otherwise been initiated. Respondents shall provide copies of any Form I-863 and any decisions or notices bearing on the status of Petitioner's asylum application or asylum-only proceedings;
3. The chronology of the issuance and service of the Notice of Intent and the issuance and service of the FARO, including the relevant dates and times, to the extent available, and any steps taken to carry out the FARO. Respondents shall specifically identify the response period stated in the Notice of Intent and address whether Petitioner was afforded that opportunity to respond. Respondents shall provide copies of the relevant notices, orders, and records of service, to the extent not already included in the record; and
4. Whether Petitioner's removal to Italy has been scheduled or travel arrangements have been made and, if so, the scheduled removal date and the status of those arrangements;

and it is further

**ORDERED** that Respondents shall serve the supplemental submission and supporting materials on Petitioner promptly and file proof of service; and it is further

**ORDERED** that Petitioner may file a response within seven (7) days after service of Respondents' supplemental submission; and it is further

**ORDERED** that Respondents shall serve a copy of this Order on Petitioner by the fastest means possible.

**CHRISTINE P. O'HEARN**
**United States District Judge**

Dated: November 4, 2026